**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| Plaintiff, | ) | Case No. CV-2026-01622-R |
| v. | ) | |
| (1) PAYCOM PAYROLL, LLC, | ) | |
| Defendant. | ) | |

## ANSWER

COMES NOW, the Defendant, Paycom Payroll, LLC ("Paycom"), and for its answer to Plaintiff, the Equal Employment Opportunity Commission's ("Plaintiff") Complaint brought on behalf of Katie Jorgenson ("Jorgenson") and states as follows:

## JURISDICTION AND VENUE

1. Paycom admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Paycom denies committing any unlawful action but otherwise admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

## PARTIES

3. Upon information and belief, Paycom admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Paycom admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Paycom admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Paycom admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

## ADMINISTRATIVE PROCEDURES

7. Paycom admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Paycom admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Paycom admits that it received correspondence with the Commission's opinion, which Paycom disputes and denies, and a request to settle with Jorgenson. Paycom denies any unlawful employment practices or that it violated the ADA as alleged in Paragraph 9 of Plaintiff's Complaint. Paycom denies the remaining allegations, express or implied, contained in Paragraph 9 of Plaintiff's Complaint.

10. Paycom admits it received communication from the Commission but denies any discriminatory misconduct as alleged in Paragraph 10 of Plaintiff's Complaint. Paycom denies the remaining allegations, express or implied, contained in Paragraph 10 of Plaintiff's Complaint.

11. Paycom admits that it engaged with communications with the Commission but denies any discriminatory misconduct as alleged in Paragraph 11 of Plaintiff's Complaint and denies that Plaintiff engaged in reasonable conciliation efforts. Paycom further disputes and denies the Commission's Letter of Determination. Paycom denies the

remaining allegations, express or implied, contained in Paragraph 11 of Plaintiff's Complaint.

12. Paycom admits the parties did not come to an agreeable resolution as alleged in Paragraph 12 of Plaintiff's Complaint but denies that Plaintiff engaged in appropriate conciliation efforts. Paycom denies the remaining allegations, express or implied, contained in Paragraph 12 of Plaintiff's Complaint.

13. Paycom admits it received correspondence from the Commission confirming the parties did not come to an agreeable resolution as alleged in Paragraph 13 of Plaintiff's Complaint but denies that Plaintiff engaged in appropriate conciliation efforts. Paycom denies the remaining allegations, express or implied, contained in Paragraph 13 of Plaintiff's Complaint.

14. Paycom denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

## STATEMENT OF FACTS

15. Paycom admits that Jorgenson had severe allergic reactions to onions at work during her employment. Paycom is without sufficient information to admit or deny the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint and therefore denies the same.

16. Paycom admits that Jorgenson applied for the position of Benefits Specialist in April of 2024. Paycom is without sufficient information to admit or deny the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint and therefore denies the same.

17. Paycom admits that Jorgenson began working on May 20, 2024. Paycom is without sufficient information to admit or deny the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint and therefore denies the same.

18. Paycom admits that Jorgenson initially performed her work from her cubicle located on the third floor of Paycom's Reno Hub, which is a large office building containing multiple tenants including Paycom. Paycom admits that part of Jorgenson's assigned duties were performed via computer. Paycom denies the remaining allegations, express or implied, contained in Paragraph 18 of Plaintiff's Complaint.

19. Paycom admits that Jorgenson would have occasional virtual client meetings. Paycom denies the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Paycom admits that according to the job description for Jorgenson's position, one of the skills sought for the role was to be self-directed and work with little supervision. Paycom denies the remaining allegations, express or implied, contained in Paragraph 20 of Plaintiff's Complaint.

21. Paycom admits the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Paycom admits that on May 23, 2024, Jorgenson experienced an allergic reaction at work that required her to leave early and that Izaak Carrera sent an email to Tammy Posey and Megan Rawls memorializing the event and asking for guidance. Paycom is without sufficient information to admit or deny the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint and therefore denies the same.

23. Paycom admits that on May 24, 2024, Jorgenson experienced another allergic reaction on site and paramedics were called to administer treatment. Paycom denies any remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Paycom admits the allegations contained in Paragraph 24 of Plaintiff's Complaint. Paycom further states that its HR Leave Admin team provided Jorgenson with the appropriate accommodation request forms that same morning.

25. Paycom admits that on or about May 28, 2024, Jorgenson asked Megan Rawls, HCM Service Supervisor, if she could work in the computer lab from 10:00 a.m. to 2:00 p.m. while others ate lunch at their desks. Rawls communicated this request to Posey and Carrera and further asked whether Paycom's privacy rooms could serve as a safe space for Jorgenson. Paycom denies the remaining allegations, express or implied, contained in Paragraph 25 of Plaintiff's Complaint.

26. Paycom admits that Jorgenson was permitted to use a private workspace from 10:00 a.m. to 2:00 p.m., and that Jorgenson was provided with an accommodation request form for her to complete as well as a medical inquiry form for her medical provider to complete. Paycom denies the remaining allegations, express or implied, contained in Paragraph 26 of Plaintiff's Complaint.

27. Paycom admits that on the dates identified, Jorgenson experienced additional allergic reactions on site. Paycom denies the remaining allegations, express or implied, contained in Paragraph 27 of Plaintiff's Complaint.

28. Paycom denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Paycom admits that on June 10, 2024, Jorgenson experienced an allergic reaction on site and was transported off site via ambulance. Paycom denies the remaining allegations, express or implied, contained in Paragraph 29 of Plaintiff's Complaint.

30. Paycom admits that on or about June 11, 2024, Jorgenson submitted partial responses to the medical inquiry form provided by Paycom, and that Jorgenson was informed on or about June 12, 2024, that she needed to submit complete responses. Paycom further admits that on or about June 13, 2024, Jorgenson submitted the complete medical inquiry form as well as the accommodation request form. Paycom admits that the medical inquiry form provided by Jorgenson suggested that working from home or working in an area separate from others were potential accommodations to improve job performance. Paycom denies the remaining allegations, express or implied, contained in Paragraph 30 of Plaintiff's Complaint.

31. Paycom denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Paycom admits that one of the reasonable accommodations offered to Jorgenson was to wear a mask and to ensure that Jorgenson always carried her EpiPen and that additional allergy medication be placed in the medical supply cabinets. Paycom further admits that it relocated Jorgenson to a space on the East end of another floor, on which there were only a few other employees stationed on the West end of the same. Paycom denies the remaining allegations, express or implied, contained in Paragraph 32 of Plaintiff's Complaint.

33. Paycom admits that on June 17, 2024, Jorgenson experienced an allergic reaction on site. Paycom denies the remaining allegations, express or implied, contained in Paragraph 33 of Plaintiff's Complaint.

34. Paycom admits that on June 18, 2024, Jorgenson told Tammy Posey of Human Resources that she did not "understand there was a huge process." Paycom admits that Jorgenson expressed her desire to perform to the best of her ability. Paycom also admits that Jorgenson further apologized to Posey, acknowledged that accommodating her allergy "cannot be an easy task," and thanked Posey "for everything y'all are doing in order to try and accommodate [Jorgenson]." Paycom also admits that Posey informed Jorgenson of the offered accommodation of wearing a mask while in the office and always carrying her EpiPen. Paycom admits that Jorgenson told Posey that her doctor was "making a letter to send saying that the mask isn't going to work." Paycom denies the remaining allegations, express or implied, contained in Paragraph 34 of Plaintiff's Complaint.

35. Paycom admits that on June 18, 2024, Jorgenson experienced an allergic reaction on site. Paycom is without sufficient information to admit or deny the remaining allegations contained in Paragraph 35 of Plaintiff's Complaint and therefore denies the same.

36. Paycom admits that an attorney employed by Paycom informed at least one of Paycom's employees to await further guidance as Paycom worked to analyze potential accommodations and resolutions that would ensure a safe working environment for Jorgenson. Paycom denies the remaining allegations, express or implied, contained in Paragraph 36 of Plaintiff's Complaint.

37. Paycom admits that it communicated to Jorgenson the decision to terminate her employment on or about June 19, 2024, because Paycom could not guarantee a safe working environment for Jorgenson. Paycom is without sufficient information to admit or deny the remaining allegations contained in Paragraph 37 of Plaintiff's Complaint and therefore denies the same.

38. Paycom admits that it terminated Jorgenson's employment because Paycom could not guarantee a safe working environment for Jorgenson, and Paycom reasonably believed the significant and immediate risk and direct threat to Jorgenson's wellbeing outweighed any potential benefits of further documentation or consultation. Paycom denies the remaining allegations, express or implied, contained in Paragraph 38 of Plaintiff's Complaint.

## STATEMENT OF CLAIMS

### COUNT I

### (ADA – Failure to Accommodate)

39. Paycom readopts and specifically incorporates by reference its answers and denials above.

40. The allegations in Paragraph 40 of Plaintiff's Complaint call for a legal conclusion, to which no response is required. To the extent an answer is required, Paycom denies the same.

41. Paycom became aware of Jorgenson's allergy to onions on Thursday, May 23, when she experienced a reaction on site. Paycom is without sufficient information to

admit or deny the remaining allegations contained in Paragraph 41 of Plaintiff's Complaint and therefore denies the same.

42. Paycom denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Paycom admits that Jorgenson requested an accommodation and that Paycom engaged in the interactive process with Jorgenson. Paycom denies the remaining allegations, express or implied, contained in Paragraph 43 of Plaintiff's Complaint.

44. Paycom denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Paycom denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Paycom denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Paycom denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Paycom denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Paycom denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

**COUNT II**

**(ADA – Discriminatory Discharge)**

50. Paycom readopts and specifically incorporates by reference its answers and denials above.

51. Paycom denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Paycom denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Paycom denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Paycom denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

## **PRAYER FOR RELIEF**

Paycom denies paragraphs A-H of Plaintiff's Prayer for Relief. Paycom further denies that Plaintiff is entitled to a jury trial as requested in Plaintiff's Jury Trial Demand.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Paycom denies liability to Plaintiff and/or Jorgenson under all claims or theories.

3. Paycom denies any violation of the ADA.

4. At all relevant times, Paycom engaged in the interactive process in good faith and provided reasonable accommodations and accommodation alternatives that were reasonable under the circumstances.

5. Jorgenson's request for an accommodation was not a reasonable request or could not perform the essential functions of her job with or without a reasonable accommodation.

6. Jorgenson is not a qualified individual with a disability because her requested accommodation was incompatible with the essential functions of her position.

7. Without admitting Jorgenson is a qualified individual with a disability, Paycom denies that it failed to accommodate Jorgenson.

8. Paycom's actions were because of legitimate, non-discriminatory and non-retaliatory reasons.

9. Alternatively, to the extent a reasonable accommodation could not be made, Paycom pleads the defense of undue hardship.

10. Plaintiff's claims are barred, in whole or in part, because at all relevant times Jorgenson posed a direct threat to the health or safety of Jorgenson within the meaning of the Americans with Disabilities Act and including Jorgenson's own admission that she was deathly allergic to onions.

11. Alternatively, Paycom asserts that the significant risk of substantial harm to Jorgenson could not be lowered to an acceptable level by a reasonable accommodation.

12. Plaintiff and/or Jorgenson are not entitled to recover any damages, attorneys' fees or costs, equitable relief, punitive damages, liquidated damages, or any other relief.

13. Paycom's actions were taken in good faith, without malice, and without intent to harm such that the relief sought is not available to Plaintiff and/or Jorgenson.

14. Jorgenson has not suffered any monetary damage or other loss as a result of action(s) by Paycom or any of its employees, agents, or representatives. Alternatively, without admitting that Jorgenson has suffered any damage or loss for which Paycom should be legally responsible, Jorgenson is not entitled to any monetary damages to the extent that she has failed to reasonably mitigate such damages. At a minimum, any damages must be offset and reduced by any and all amounts (including any insurance payments or other amounts received from individuals or companies) which Jorgenson earned or could have earned with due diligence.

15. Paycom is not liable for punitive damages because, among other defenses, any employee who allegedly discriminated against Jorgenson was not a managerial agent of Paycom or was not acting within the scope of his or her employment. Even if an employee who allegedly discriminated against Jorgenson was a managerial agent and was acting within the scope of his or her employment, which Paycom denies, the alleged discrimination or retaliation was contrary to Paycom's good faith efforts to comply with the law and to prevent discrimination and retaliation.

16. Plaintiff cannot prove Paycom acted with malice, intent to harm, willfulness, or reckless indifference toward Jorgenson such that certain relief sought is not available to Plaintiff and/or Jorgenson.

WHEREFORE, Paycom denies that it is liable to Plaintiff and/or Jorgenson for any sum of money or in any manner whatsoever, and prays that this Court dismiss Plaintiff's Complaint in its entirety with prejudice and award Paycom its costs and attorneys' fees incurred in defending this action.

Respectfully submitted,

*/s/ Philip R. Bruce*

Philip R. Bruce, OBA No. 30504
Connor C. Curtis, OBA No. 35578
MCAFEE & TAFT A PROFESSIONAL CORPORATION
8th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
philip.bruce@mcafeetaft.com
connor.curtis@mcafeetaft.com

**ATTORNEYS FOR PAYCOM**

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of October, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for Filing and transmittal of a Notice of Electronic Filing to all counsel of record.

Catherine L. Eschbach - Acting General Counsel
Christopher Lage - Deputy General Counsel
Andrea G. Baran - Regional Attorney
andrea.baran@eeoc.gov
Lauren W. Johnston, OBA No. 22341 – Assistant Regional Attorney
Phone: 405-666-0379
lauren.johnston@eeoc.gov
Patrick J. Holman, OBA No. 21216 – Senior Trial Attorney
Phone: 405-666-0374
patrick.holman@eeoc.gov
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
215 Dean A. McGee Avenue, Suite 524
Oklahoma City, OK 73102

**ATTORNEYS FOR PLAINTIFF**

*/s/ Philip R. Bruce*
Philip R. Bruce